IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00719-PSF-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

$32,175.00 IN UNITED STATES CURRENCY,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE FOR
DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the United States of America's Motion for Default Judgment and Final Order of Forfeiture (filed September 13, 2006) (doc. # 19). Pursuant to the Order of Reference dated May 19, 2006 (doc. # 4) and the memorandum dated September 14, 2006 (doc. # 20), the Motion was referred to the Magistrate Judge to "submit proposed findings of fact and recommendations for rulings on dispositive motions." No response to the Motion has been filed. The court, having reviewed the Motion, the entire case file, and the applicable law and being sufficiently advised in the premises, finds and concludes that:

    1.    The United States of America commenced this civil action *in rem* pursuant to 21 U.S.C. § 881 (doc. # 1).

    2.    The court has jurisdiction over the subject matter and over the parties to this lawsuit.

    3.    Venue is proper in the state and District of Colorado.

4. All known interested parties have been provided an opportunity to respond and that publication has been effected as required by Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (*See* doc. # 12).

5. Default was entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) as to the Defendant $32,175.00 in United States Currency on September 11, 2006. (*See* doc. # 16).

6. After notice, there have been no Claims, Answers, or other responsive pleadings filed in this matter as required by Rule C (6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (*See* Verified Complaint (doc. # 1), Affidavit of Paul E. Gesi (doc. # 19-2)).

7. Based upon the facts and verification set forth in the Verified Complaint and the Affidavit of Paul E. Gesi, it appears by a preponderance of the evidence that there was reasonable cause for the seizure of the Defendant $32,175.00 in United States Currency and that there is cause to issue a forfeiture order under 21 U.S.C. § 881. Accordingly,

IT IS RECOMMENDED that:

1. The United States' Motion for Default Judgment and Final Order of Forfeiture (filed September 13, 2006) (doc. # 19) be GRANTED.

2. Default judgment and forfeiture be entered in favor of Plaintiff United States of America and against Defendant $32,175.00 in United States Currency, including all right, title, and interest;

2. Plaintiff United States of America shall have full and legal title to the Defendant $32,175.00 in United States Currency and may dispose of said Currency in

accordance with law; and

3. Default Judgment and Final Order of Forfeiture issued by the District Judge shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right

to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 4th day of October, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge